MILEY *v.* BROADWAY & S. AV. R. CO.

*(Supreme Court, General Term, First Department. January 24, 1890.)*

DAMAGES—WHEN SPECULATIVE.

    In an action for personal injuries, testimony of a physician that "the limb is liable to trouble [plaintiff] for many years. I have known it to trouble a man,—an injury of that kind,—and to be tender, about 30 years," cannot form a basis for the recovery of damages for a permanent injury, as it gives consequences that are contingent, speculative, and merely possible.

Appeal from circuit court, New York county.

Action for personal injuries by John B. Miley against the Broadway & Seventh-Avenue Railroad Company. From a judgment on a verdict in plaintiff's favor, and from an order denying its motion for a new trial, defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Samuel B. Clark*, for appellant. *Alfred B. Cruikshank*, for respondent.

VAN BRUNT, P. J. This action was brought to recover damages alleged to have been sustained by reason of the negligence of the servants of the defendants. There is only one question presented by the appellant upon this appeal, and that is, that there is no evidence in the case sufficiently certain to

justify the inference that the injuries received by the plaintiff would be permanent, and that therefore the court erred in refusing to charge that there was no evidence in the case which would justify the jury in awarding the plaintiff damages as for a permanent injury, and that it was error for the court to charge the jury that, if they found that the plaintiff had sustained permanent injuries, they might make compensation for the same. The only evidence as to whether the injury would be permanent or not was the evidence of Dr. Bradley, who, after testifying as to the plaintiff's injuries, was asked this question: "*Question.* What is the probability of his recovery? *Answer.* The limb is liable to trouble him for many years. I have known it to trouble a man,—an injury of that kind,—and to be tender, about thirty years." The defendant's counsel moved to strike out this answer as incompetent and speculative, which motion was denied, and an exception taken. This evidence, within the rulings of the court of appeals, could not form the basis for permanent injury. It comes clearly within the rule laid down in the case of *Strohm* v. *Railroad Co.,* 96 N. Y. 305; and the rule also cited in the case of *Griswold* v. *Railroad Co.,* 115 N. Y. 61, 21 N. E. Rep. 726, in no way justifies the use which was made of it in the case at bar. The question may have been proper enough, but the answer was clearly speculative. It gave consequences which were contingent, speculative, or merely possible, and not those consequences which are reasonably to be expected to follow an injury, and therefore could not form a basis for the recovery of damages for permanent injuries. The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant, to abide the event.

DANIELS, J., concurred.

BRADY, J. I concur upon the ground that the answer was not responsive, and should have been stricken out.