MEYER ELSAS, Respondent, v. THE SECOND AVENUE RAILROAD COMPANY, Appellant.

*Damages for future apprehended consequences of an injury — degree of probability which must exist — evidence.*

On the trial of an action to recover damages for personal injuries to the plaintiff, occasioned by the alleged negligence of the defendant, a physician, called on behalf of the plaintiff, after describing the injury, was asked: "From what you know of the nature of such an injury, is the result that arises therefrom such that the plaintiff would suffer at all or would probably suffer from the effects?" This question was answered. subject to objection, "From my experience of that

kind of injury my opinion would be that on any unusual exertion or exposure, some pain may be suffered there. The use of the joint will, however, remain the same." The witness was also allowed, subject to objection, to testify that, in his opinion, a change of weather might have a temporary effect upon the injury so as to make it painful at such times.

*Held*, that the evidence was improperly admitted.

That, to entitle the plaintiff to recover present damages for apprehended future consequences, there must be such a degree of probability of their occurring as amounts to a reasonable certainty that they will result from the original injury.

APPEAL by the defendant from a judgment entered, after a trial at the New York Circuit before the court and a jury, in the office of the clerk of the county of New York on the 20th day of January, 1888, in favor of the plaintiff, in whose favor the jury rendered a verdict for the sum of $1,000; and also from an order, entered in said clerk's office on January 14, 1888, denying the defendant's motion for a new trial made upon the minutes of the judge before whom the action was tried.

*Agustus S. Hutchins*, for the appellant.

*John P. Rothschild*, for the respondent.

BRADY, J. :

This action was brought to recover compensation in damages for injuries resulting to the plaintiff from the defendant's negligence. During the trial Dr. Nichols, who was examined on plaintiff's behalf, and who described his injury, was asked : " From what you know of the nature of such an injury, is the result that arises therefrom such that pain and suffering might be permanent ? " This was objected to as a conjecture and excluded. Later on the learned justice presiding suggested to the plaintiff's counsel that he thought it quite within his province to ask Dr. Nichols if, in his opinion, the plaintiff would suffer at all, or would probably suffer from the effects of the injury, upon which the counsel said : I will put the question in that way. The defendant's counsel objected to the question in that form as too remote and conjectural, but the objection was overruled and exception was duly taken. The witness then answered : " From my experience of that kind of injury, my opinion would be that on any unusual exertion or exposure some pain may be suffered there. The use of the joint will, however, remain the same." The

defendant's counsel moved to strike out the latter part of the answer as too conjectural, but the motion was denied and exception duly taken. The objectionable part was, doubtless, the statement "some pain *may* be suffered there." It was clearly subject to the criticism of the defendant's counsel. Inquiry as to the effect of the injury in case of a change of weather was also made and this question asked: "Taking your opinion as a doctor, who has treated cases of this kind frequently, as you say, where an injury of that character has taken place, would, in your opinion, a change of the weather, such as rainy weather or damp weather, have a temporary effect upon an injury so as to make it painful at such times?" And the answer was, "It might."

The defendant's counsel moved to strike out the answer upon the ground that it was too conjectural, but the motion was denied and exception duly taken. These answers were equally as objectionable as the question excluded, and should have been stricken out. It is not enough that the injuries received *may* develop into more serious conditions than those which are visible at the time of the injury, nor even that they are *likely* so to develop. To entitle a plaintiff to recover present damages for apprehended future consequences, there must be such a degree of probability of their occurring as amounts to a reasonable certainty that they will result from the original injury. (*Strohm* v. *N. Y., L. E. and W. R. R. Co.*, 96 N. Y., 306; see, also, *Miley* v. *Broadway and Seventh Ave. R. R. Co.*, First Dept., decided Jan. 24, 1890.) When the witness said some pain "may" be suffered there and a change of weather "might" make the injury painful it was contingent, speculative or merely possible proof, which is expressly condemned in the case just cited. The reasonable certainty demanded by the rule is not stated or such a degree of probability shown as amounts to such certainty. The rule is clearly stated; seems to be easily understood, and yet is departed from. The question as to a change of weather was properly framed, inasmuch as it asked "would such" a change have an effect upon the injury, and if the witness had answered yes, or it would, the objection would not have existed. The answer "it might" presented a possibility or a speculation on the subject indicating a doubt in the mind of the witness. Defendants are not called upon to pay for such contingencies, and, unless the rule prevailing as to

the proof of damages is changed, will not be. When exposed to such danger the courts, by appellate jurisdiction, must, if applied to, protect them.

For these reasons the judgment must be reversed and a new trial ordered, with costs to appellant to abide the event; ordered accordingly.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.