wheels of this truck was on the sidewalk. The other three rested on the roadway of the avenue. This truck had remained in this position for something like six months, and it was sought to hold the defendant the city of Brooklyn liable on the ground that it had negligently permitted this truck to remain as an unlawful obstruction in the highway; and the defendant Holland was sought to be held liable for having negligently and carelessly permitted said truck to stand in Fourth avenue for so long a period of time. The testimony further showed that after deceased had loaded his truck the mules attached thereto refused to draw, in the soft dirt; that he turned their heads out onto the strip of flagging, got on his truck, and started the mules, and, in endeavoring to pass with the load underneath the beams of defendant Holland's truck, deceased met with the injuries which caused his death.

We think that the complaint in this action was properly dismissed. While, in some minor particulars, there are differences between the witnesses, yet the plain, unmistakable conclusion to be drawn from all the evidence seems to us to clearly indicate that the deceased sought to drive out onto Fourth avenue with his load, underneath the long beams of the truck standing on Fourth avenue, on the supposition that there was sufficient space for that purpose. It clearly appears that when deceased had completed his load, and endeavored to start the mules, they refused to pull on the soft ground, and that he then turned them, with their heads pointing out towards the large truck above-mentioned; that he then mounted his truck, and the mules started, not going off a walk, and apparently under full control of deceased. There is no pretense that they were unmanageable or excited. They did not go off a walk as they started to go under the beams of the truck, and the testimony shows that deceased bent forward, evidently with the view of passing under the beams. That the space was insufficient for him, on top of his load, to pass through, was his misfortune, and in no respect due to any negligence that might be charged against the defendants, or either of them. The deceased apparently made a miscalculation as to the height of the beams from the ground. He took the chances of passing under, and the defendants cannot be held responsible for the consequences of his failure to pass safely beneath the beams of the truck. Judgment dismissing the complaint must be affirmed, with costs.

---

(7 Misc. Rep. 286.)

LEWIS v. BROOKLYN EL. R. CO.

(City Court of Brooklyn, General Term. February 26, 1894.)

1. DAMAGES—EVIDENCE—TESTIMONY OF PHYSICIAN.
   In an action for personal injuries the following questions were put to plaintiff's physician: "From your experience as a physician, what are the principal effects that will attend a patient that has suffered the injuries you have described?" and, "Can you state from your experience as physician any of the effects which usually attend such injuries as you have testified to, and which are, or may become, permanent?" *Held*, that such questions were properly excluded as vague and speculative.

**2. APPEAL—HARMLESS ERROR.**
　　Exclusion of evidence offered by plaintiff is harmless error, where it relates only to the amount of damages, and the jury find that plaintiff is not entitled to recover anything.

Appeal from trial term.

Action by Margaret Lewis against the Brooklyn Elevated Railroad Company to recover damages for personal injuries. There was a judgment in favor of defendant, and plaintiff appeals. Affirmed.

Argued before CLEMENT, C. J., and OSBORNE, J.

Edwin R. Root, for appellant.

Hoadley, Lauterbach & Johnson, for respondent.

OSBORNE, J. Plaintiff brought this action to recover damages for injuries alleged to have been sustained by her through the negligence of defendant's servants. Her claim was that she entered the Hewes street station of defendant's road; that a train was standing there at the time; that the gate at the platform of the car she expected to enter was closed; that the guard opened the gate, and told her to hurry and get on; that, just as she had placed her foot on the platform of the car, the train started; that she hung on as well as she could, and, after being carried some distance, the train was stopped, and plaintiff was rescued from her perilous position, in a bruised and injured condition. Plaintiff's evidence was uncorroborated as to the guard's opening the gate, and telling her to hurry and get on. The gateman of the defendant, who was on the platform of the car in question, denied that he opened the gate and told plaintiff to hurry and get on. He testified that the gate was shut when he first saw plaintiff; that, as she approached him, he held his hand up, and said, "You are too late;" that plaintiff, however, put her foot on the edge of the platform outside of the car, and seized one of the upright stanchions of the car, with a view of compelling her admission to the car, and just then the train commenced to move; that he used his utmost efforts to save plaintiff from injury; and that, with the assistance of some of the passengers, the train was stopped, and plaintiff was rescued. The jury found a verdict in favor of the defendant, and plaintiff appeals from the judgment entered thereon, and an order denying motion for a new trial.

On this appeal the learned counsel for the appellant calls our attention to two exceptions to the exclusion of evidence, and also to the refusal of the court to charge sundry requests made by him, which were duly excepted to, and on these exceptions he bases his claim to a reversal. The questions to the exclusion of which exception was taken were addressed to the physician of plaintiff, and were as follows: "Q. From your experience as a physician, what are the principal effects that will be apt to attend a patient who has suffered the injuries you have described?" "Q. Can you state, from your experience as a physician, any of the effects which usually attend such injuries as you have testified to, and which are or may become permanent?" We think both of these ques-

tions were properly excluded, as being vague and speculative. It will be noticed that neither of them is directed to the effect on the plaintiff of the injuries which she had sustained, but they are directed generally to the effects of such injuries on anybody and everybody who may have been unfortunate enough to have been strained, bruised, and nervously affected just as was the plaintiff. Injuries such as the plaintiff sustained would unquestionably affect different persons in different degrees, according to sex, age, and condition of health at the time; yet the questions objected to make no distinction. Evidence as to injuries that will be "apt to attend a patient," or as to injuries which "may become permanent," is purely speculative. The questions involve the giving of evidence of future consequences which are merely possible, so far as the plaintiff was concerned, and are therefore inadmissible. But, even were these questions admissible, plaintiff was not injured by their exclusion. They relate only to the question of the amount of damages, and the jury have found, by their verdict, that plaintiff was not entitled to recover at all.

Some 16 requests to charge were submitted to the learned trial judge, some of which he refused to charge, and others of which he refused to charge further than as he had already charged on the points involved in such requests. We do not think that any of the exceptions thereto are tenable, and they do not strike us as of sufficient merit or importance to call for a discussion separately. Some of them are entirely erroneous; others have no bearing on the issues submitted to the jury; and others the learned trial judge had already substantially charged, and he was not called upon to repeat them. The charge was full and clear. It defined accurately "negligence" and "contributory negligence," fairly stated the contentions of the parties, and explained to the jury the application of those definitions to the matter in dispute, and, it seems to us, fully covered the whole ground. This being the case, the learned trial judge was not required to traverse the same ground again, and charge requests that were simply cumulative. We are of the opinion that the judgment and order appealed from should be affirmed, with costs.