business as Haines & Co., which it is alleged the appellant, as a partner of the firm subsequently formed, agreed to pay; (2) to cover the value of services rendered to appellant as partner of defendant Haines, in February, 1897.

Evidence was adduced upon the trial to establish the fact that appellant had estopped himself, by representations made to plaintiff's assignors, from denying that he was a partner; and also that he had assumed the payment of the indebtedness of Napoleon J. Haines. The plaintiff called three witnesses, who all testified substantially to the same facts, namely, that on or about January 30, 1897, the workmen declined to do any more work unless they were paid. Thereupon the appellant addressed the workmen; told them that he had come into the business with Mr. Haines; that Haines would attend to the outside work, and appellant would attend to the inside work; that they would not stop work; that he was personally responsible; and that they would be paid every dollar that was owing to them. The workmen also testified that they continued working in reliance upon these representations of appellant. The appellant was the only witness offered on his behalf. He contradicted the plaintiff's witnesses in all the essential features of their testimony; whereupon the evidence was fairly submitted to the jury, and they found against the appellant for the services rendered after his alleged address to the workmen, on January 30, 1897; but they found in his favor as to the indebtedness of the defendant Haines to the workmen, prior to that date.

Counsel for the appellant raises several questions as to the correctness of the rulings of the trial justice. So far as these relate to the plaintiff's claim for work done before January 30th, they are interesting, but unimportant, because the defendant prevailed as to that claim.

We find no error which contributed to the verdict, and our conclusion is that the judgment and order appealed from should be affirmed, with costs.

---

(25 Misc. Rep. 426.)

## SAVAGE v. THIRD AVE. R. CO.

(City Court of New York, General Term. December 7, 1898.)

1. HARMLESS ERROR—JURY—CHALLENGE.
     An overruling of a challenge of a juror for cause is not error of which the challenger can avail himself, where he did not thereafter exhaust his peremptory challenges.

2. DAMAGES—PERSONAL INJURIES—SPECULATIVE EVIDENCE.
     Evidence that plaintiff, having suffered the injuries sued for, would be apt to have pains during his lifetime similar to those described in his testimony, is inadmissible, as being indefinite and speculative.

3. SAME—REVERSIBLE ERROR.
     The admission of improper evidence is reversible error, where it is not clear that it did not affect the verdict.

Appeal from trial term.

Action by John Savage against the Third Avenue Railroad Company. From a judgment for plaintiff, and an order denying a motion for new trial, defendant appeals. Reversed.

Argued before SCHUCHMAN, OLCOTT, and McCARTHY, JJ.

Hoadly, Lauterbach & Johnson, Clifford Seasongood, and Henry W. Mayer, for appellant.

Louis Steckler, for respondent.

OLCOTT, J. This is an appeal from a judgment in favor of the plaintiff for $912.44, entered at a trial term, and from an order denying a motion for a new trial. The plaintiff sued for injuries alleged to have been received while entering an open car of the defendant on June 15, 1896, by the improper starting of the car before he had a chance to properly board it, causing injuries to his left foot and ankle.

During the impaneling of the jury, defendant's counsel called the attention of the court to the fact that he had examined the foreman of the jury, who acknowledged that he had witnessed an accident, and that, "if the present case should turn out to be similar, it might prejudice him as against the defendant company," and therefore defendant's counsel challenged the juror for cause. The challenge was overruled, and defendant duly excepted. Thereupon defendant's counsel challenged peremptorily, and the challenge was allowed; but the peremptory challenges had not all been exhausted when the jury was sworn, and that circumstance makes the defendant's exception to this ruling unavailing. People v. Larubia, 140 N. Y. 87, 35 N. E. 412.

We regard no other exceptions in the case to be worthy of discussion except those to be found in the following excerpts from the record of the testimony of a physician who had treated the plaintiff after the accident:

"Q. Did you ever before this time treat a patient suffering with a similar injury as the plaintiff has suffered? A. Yes, sir. Q. How many times? A. I will say from twenty to forty. Q. Can you tell us with reasonable certainty, basing your answer upon your experience as a physician and surgeon, and after the personal examination made by you of this plaintiff, whether, having suffered from a sprained ankle, such as has been described by him, he would be apt to suffer such pains and sensations as testified to by him this morning? (Objected to as incompetent and speculative, and, further, that it is not before the jury as to what the doctor's opinion is based upon. Objection overruled. Exception.) A. Yes, sir. Q. Can you tell us with reasonable certainty how long he is apt to have these pains? (Objected to as incompetent, and as being too speculative. Objection overruled. Exception.) A. He may have them during his lifetime. (Defendant's counsel objects, and moves to strike out the answer, as not being sufficiently definite, and also as being speculative. Motion denied. Defendant excepts.)"

We somewhat regretfully state our conclusion that this portion of the record contains reversible error, because it is by no means clear that the answers above quoted had much bearing upon the size of the verdict. But we are unable to say that the evidence in question may not have biased the jury and influenced the result, and therefore the reversal of the judgment is necessary. Baird v. Gillett, 47 N. Y. 187; Furst v. Railroad Co., 72 N. Y. 547. The evidence was too conjectural, indefinite, and speculative, and the defendant's motion to strike out the answer should have been granted. Elsas v. Railroad Co., 56 Hun, 161, 9 N. Y. Supp. 210; McClain v. Railroad Co., 6 N. Y. St. Rep. 49; Dawson v. City of Troy, 49 Hun, 324, 2 N.

Y. Supp. 137; Strohm v. Railroad Co., 96 N. Y. 305; Lewis v. Railroad Co., 7 Misc. Rep. 286, 27 N. Y. Supp. 889.

Counsel for the respondent seeks to justify the answer above quoted, "He may have them during his lifetime," by the form of the question to which it was an answer, "Can you tell us with reasonable certainty how long he is apt to have those pains?" But we think that the form of the question makes the answer worse, instead of better. Had the question been, "How long will he have those pains?" and then had the answer been what it was in the case at bar, it would have been necessary to strike the answer out, as being too speculative to endure the test of the decisions. And the form of the question in the case at bar adds a double speculation to that contained in the answer, instead of making the answer less speculative, as the respondent's counsel claims.

The judgment and order appealed from must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.