H. MULLER & COMPANY, INC., Appellant, v. EFFANGEE TOBACCO COMPANY, Respondent.

First Department, February 6, 1920.

Sales — rescission of contract by purchaser — acceptance by seller — recovery of deposit by purchaser.

The rescission by the plaintiff's assignor of a contract for the purchase of tobacco from the defendant on the ground that the tobacco delivered did not conform to the agreement was accepted by the defendant, *first*, by thereafter selling the tobacco to other persons, and *second*, by bringing an action to replevy the tobacco from the plaintiff.

The plaintiff was, therefore, entitled to recover a deposit made by his assignor with the defendant as a payment on the tobacco, for a rescission accepted entitles the parties to be put in *statu quo*.

APPEAL by the plaintiff, H. Muller & Company, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of July, 1919, denying plaintiff's motion for judgment on the pleadings.

*Norman S. Goetz* of counsel [*Leo L. Leventritt* with him on the brief; *Riegelman, Carns, Leventritt & Goetz*, attorneys], for the appellant.

*Harry J. Ahlheim* of counsel [*A. Mandelbaum* with him on the brief; *Mandelbaum Bros.*, attorneys], for the respondent.

SMITH, J.:

Upon the amended complaint and the amended answer it appears that the plaintiff's assignor made a contract to purchase from the defendant a certain quantity of tobacco which was to conform to certain specifications named in the

contract.  The purchaser, the plaintiff's assignor, gave to the defendant $7,000, which it was agreed should be applied to the purchase of the tobacco, or, in case the plaintiff's assignor did not perform its contract, it was to be deemed as stipulated damages.  An installment of fifteen bales of the tobacco was forwarded to the plaintiff's assignor.  The plaintiff's assignor wrote back that those fifteen bales did not conform to the requirements of the contract and it was unwilling to accept them and thereupon declared its intention to rescind the entire contract, saying that they would return the tobacco upon receipt of the $7,000 which had been deposited, as before specified.  To this letter the defendant answered, saying that they had sold this tobacco to another party and asking that the tobacco be delivered to this other party, and noted what the plaintiff's assignor said about the rescission of the entire contract.  The letter expressed neither an acceptance nor a rejection of that rescission.

Defendant thereafter demanded the tobacco.  The plaintiff's assignor refused to deliver the same, except upon payment of the $7,000, and thereupon the defendant brought a replevin action to recover this tobacco, reciting the facts that have been hereinbefore alleged.

While the replevin action was pending the plaintiff brings this action to recover the $7,000 as paid upon a contract thereafter rescinded, and it attached this tobacco as the property of the defendant.  These facts are all admitted.  The allegation of the defendant is that the tobacco fully conformed to the contract made with the plaintiff's assignor.  Nevertheless, they had accepted the rescission, *first,* by selling the tobacco to other parties, and *secondly,* by bringing their action in replevin.  This operates as an acceptance of the rescission.  A rescission accepted entitles the parties to be put in *statu quo* in respect of the contract and entitles the plaintiff to recover all moneys paid thereon.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.