THE PEOPLE OF THE STATE OF NEW YORK on Complaint of HARRY MORAN, Respondent, v. DAVID H. SHELLING, Appellant.— Judgment of conviction of a city magistrate, sitting as a Court of Special Sessions, affirmed. Young, Hagarty, Seeger and Carswell, JJ., concur; Kapper, J., dissents.

HARRY REYNOLDS, Respondent, v. SLAUGHTER W. HUFF and ROBERT C. LEE, as Receivers of NEW YORK AND QUEENS COUNTY RAILWAY COMPANY, etc., Appellants.— Judgment reversed upon the law and the facts and a new trial granted, costs to appellants to abide the event, unless, within five days from the entry of the order herein, plaintiff stipulate to reduce the recovery of damages to the sum of $20,000; in which event the judgment, as so modified, is affirmed, without costs. The testimony admitted over objection and exception at folios 52 to 56 of the record violated the rule that to entitle a plaintiff to recover present damages for apprehended future consequences, there must be such a degree of probability of their occurring as amounts to a reasonable certainty that they will result from the original injury. (*Strohm* v. *N. Y., L. E. & W. R. R. Co.*, 96 N. Y. 305; *Briggs* v. *N. Y. C. & H. R. R. R. Co.*, 177 id. 59; *Gregory* v. *N. Y., L. E. & W. R. R. Co.*, 55 Hun, 303; *Streng* v. *Ibert Brewing Co.*, 50 App. Div. 542; *Savage* v. *Third Ave. R. R. Co.*, 25 Misc. 426; *Bellemare* v. *Third Avenue R. R. Co.*, 46 App. Div. 557.) Kapper, Rich, Hagarty, Seeger and Carswell, JJ., concur.

GUISEPPE SCOZZARI, Appellant, v. UNITED DISTILLERS COMPANY, Respondent.— Order, and judgment entered thereon, reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Defendant, having elected to rescind the contract upon plaintiff's default, must return to plaintiff the amount he paid thereon. (*Muller & Co.* v. *Effangee Tobacco Co.*, 190 App. Div. 808; affd., 229 N. Y. 594.) Our former decision in 217 Appellate Division, 755, related to an examination of defendant by plaintiff to enable him to frame his complaint and was based upon an entirely different record. We cannot consider the record on that appeal upon the appeal now before us. We are confined solely to a consideration of the allegations of the complaint and must determine whether it states a cause of action. In our opinion it does. Young, Rich, Kapper, Hagarty and Carswell, JJ., concur.

RALPH SORRENTINO, an Infant, by CAROLINE SORRENTINO, His Guardian ad Litem, Appellant, v. FRANK SORRENTINO, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Kapper and Hagarty, JJ.

HUGO G. A. VON REITZENSTEIN, Respondent, v. JOHN C. TOMLINSON, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Young, Lazansky, Hagarty, Seeger and Carswell, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CARMINE NAPALE-TANO, Appellant.— Motion for leave to appeal to the Court of Appeals denied.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES PARADISO, Appellant.— Motion for leave to appeal to the Court of Appeals from order, as resettled, modifying judgment of conviction, granted, and question certified.

MARY BLUMENSTOCK, Respondent, v. WILLOWBROOK REALTY CORPORATION and ANTONIE FRANCIS, Appellants.— Order granting plaintiff's motion to strike out answer as frivolous affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Kapper, Seeger and Carswell, JJ., concur.