BARTLETT, J.
—This is a negligence suit, in which the plaintiff recovered a verdict of $1,250 for damages sustained by him in being thrown down by one of the cars of the defendant while crossing Fifty-ninth street, in the city of Hew York. In the brief submitted in behalf of the appellant, it is not contended that there was not evidence enough to go to the jury upon the question of' the defendant’s negligence; but this court is asked to reverse the judgment solely on account of the exceptions taken in the course of the trial, and because the verdict was excessive. I will examine the exceptions in the order in which they are presented in the appellant’s brief.
The first exception relates to the admission of a diagram or map, which the plaintiff testified was a perfect diagram of the surroundings of the place where theaccident occurred, except that it was not drawn to a scale. It showed not only the location of the streets, sidewalks, and rails, but also indicated the position of the car and of the plaintiff just before the accident, and also of certain workmen, who were in the company of the plaintiff, The1 defendant objected to the reception of this paper, on the ground that it showed something more than the geographical features of the place of the accident. Ho doubt it did, but it was, nevertheless, admissible when considered in connection with the testimony of the plaintiff given at the time it was received by the court; for the fair purport of what he said, in response to questions by counsel for the defendant at that time, was that his own position and that of the car and the workmen were correctly indicated upon the map. The situation was thus no different from what it would have been if the witness had taken a diagram of the street and railroad track alone, and had marked thereon, in the presence of the court, the position of the car, the workmen, and himself just prior to the collision. This is often done upon -a trial, and the propriety of allowing a witness thus to aid his oral evidence has, so far as I know, never been questioned.
The next exception relates to'a question which was asked Dr. Henry McDonald, who attended plaintiff after the injury, on the day it occurred, and treated him for about five weeks. In the *739 course of the examination of this witness by plaintiff’s counsel, the court, addressing Dr. McDonald, said:
“He wants to know whether he is suffering now, or whether his nerves are back to the normal, or whether they are impaired now.”
The witness answered:
“The fact of his injury and his laceration or any blow which, was struck upon him I do not think would have any particular effect upon his nervous system.”
Dr. McDonald was about to proceed further with his answer, and was interrupted by an objection, and his examination was then continued by his own counsel, as follows:
“Q. Go right back to the court’s question. As you see him to day, are his nerves at the normal, or are they impaired? (Objected to. Objection overruled. Defendant excepts.) A His nerves are impaired.”
The exception to this testimony is sought to be sustained on the ground that it was expert evidence, and that the question did not contain in itself a statement of the assumed facts upon which it was based. But the rule thus invoked, which finds its clearest application, perhaps, in People v. McElvaine, 121 N. Y. 255; 30 St. Rep. 977, did not apply to Dr. McDonald, who was a witness having an actual knowledge of the phj'sical condition of the patient concerning whom he testified, and whose statements, therefore, were not founded on any hypothesies at all. He had known the plaintiff before the accident, and was entirely competent to state the comparative condition of his nervous system subsequent to the accident.
Still further on, the same witness was examined as follows:
“Q. What is your opinion in relation to his present state of nerves? Did it result from that injury or not? (Objected to as incompetent, immaterial, and irrelevant. Objection overruled. Defendant excepts.) A. I should think that his condition resulted from it, yes. Q. Is he likely to recover? (Same objection, ruling, and exception.) A. I should think so. I couldn’t say in how long a time. Q. How old is he? A. I don’t know. Q. You think he is likely to recover? The court: He says he is likely to recover. A. I have noticed an improvement in him recently. I think he has improved all the time; yes. Gradually improved. Q. To the best of your judgment, how long will it be before he is restored? A. I couldn’t answer that. Q. Would it be years or months? (Objected to, as immaterial and irrelevant. Objection overruled. Defendant excepts.) A. I couldn’t answer that.”
It is insisted, on behalf of the appellant, that the questions which the court allowed to be answered against the objection of the defendant, in the course of this examination, violated the rule laid down in the case of Strohm v. Railroad Co., 96 N. Y. 305, and that the answers were objectionable as involving mere speculation. I doubt whether there is any recent case in our law reports which has been the subject of more misapprehension than the Strohm Case; but since the scope and meaning of the rule *740 there laid down have been explained and made clear by the court o£ appeals itself, in the more recent decisions to which I shall refer, there ought no longer to be any liability to serious error on the subject. The evidence that was condemned in the Strohm Case as speculative and hypothetical related to the possible development in the plaintiff of diseases which were nonexistent at the time of the trial. The medical witness was allowed to testify that a patient sustaining such injuries, and presenting such premonitory signs, might develop traumatic insanity or meningitis or progressive dementia or epilepsy with its results. If the jury based their verdict to any extent upon testimony of this sort, they would obviously enter into a region of speculation, where there was nothing to guide them but a vague possibility. The condemnation of such proof is a very different thing from saying that evidence cannot properly be received as to the probable effects of a present condition. That the court of appeals did not intend’to hold that evidence of the latter character was admissible in a negligence suit is clear from the cases of Griswold v. N. Y. C. & H. R. Railroad Co., 115 N. Y. 61; 23 St. Rep. 729; McClain v. Brooklyn City Railroad Co., 116 N. Y. 459; 27 St. Rep. 549; and Alberti v. N. Y. L. E. & W. Railroad Co., 118 N. Y. 77; 27 St. Rep. 865. In the Griswold Case, Judge Finch declared that the questions there objected to were not inadmissible, because they sought the probabilities of a recovery; and he pointed out the obvious difference between an opinion as to the permanence of a disease or injury already existing and one as to the merely possible outbreak of new diseases or sufferings having their cause in the original injury. In the McClain Case Judge Bradley speaking for the Second division of the court of appeals, declared that the judgment of medical experts as to the probable consequences of an injury comes within the rule of reasonable" certainty, and therefore of admissibility in this class of actions, and said that the Strohm Case was not in conflict with the earlies ones holding that evidence of the probable results of an injury was competent. In the Alberti Case, in which the prevailing opinion was written by Judge Haight, it was held proper to receive the testimony of a physician as to the length of time that the injured plaintiff would live, where the witness based his answer upon tjie history of similar cases. The authorities fully sustain the rulings of the court in the case at bar. It should be observed, however, that, even if those rulings had been erroneous, they could have done very little, if any, harm to the appellant, in view of the fact that the physician who had treated the plaintiff expressed a pretty distinct "opinion that he would recover from the injury.
The only other point is the claim that the damages were excessive. The verdict certainly was liberal, but in view of the fact that the plaintiff required medical attendance for a period of five weeks, I do not think that this court would be justified in interfering with it.
The judgment and order appealed from should be affirmed, ■with costs. All concur.