The judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

(20 Misc. Rep. 432.)

HUNTER v. THIRD AVE. R. CO.

(City Court of New York, General Term. May 29, 1897.)

1. CONTRIBUTORY NEGLIGENCE—QUESTION OF LAW.
Contributory negligence, as a matter of law, cannot be predicated on a matter in evidence, where that particular matter is not established as an uncontradicted and conclusive fact, either by positive proof or by necessary inference.

2. ACTION FOR PERSONAL INJURIES—INSTRUCTIONS.
In an action for personal injuries, the court properly refused to charge "that there is no evidence of pleurisy, and the jury may not consider pleurisy, as it has not been pleaded," where a physician testified without objection that, when he first examined plaintiff, he had pleurisy, and the court properly allowed the physician to explain what pleurisy is.

3. SAME—EVIDENCE OF DAMAGES.
Under an allegation that "plaintiff suffered severe bruises and pains for a time, by reason whereof he became swollen, etc., and was made sick, sore, and disabled," evidence of pleurisy was admissible.

4. SAME.
In an action against a railroad company for injuries, defendant's assistant claim agent, as its witness, testified that he served P., a witness, with a subpœna; that P. was in court at the time of the trial; and that at recess he let him go. Held, that defendant could not then ask such witness to state his motive in letting him go.

5. SAME.
In an action against a railroad company for injuries, the motive of defendant's assistant claim agent, in excusing a witness for defendant during the trial before he testified, and who was in attendance, is incompetent.

6 SAME—INSTRUCTIONS.
A physician may be asked from what causes the injured condition of the person may have resulted.

Appeal from trial term.

Action by James Hunter against the Third Avenue Railroad Company for personal injuries caused by defendant's negligence. From a judgment entered on the verdict of a jury in favor of plaintiff, and from an order denying its motion for a new trial, defendant appeals. Affirmed.

Argued before SCHUCHMAN and O'DWYER, JJ.

Hoadley, Lauterbach & Johnson, for appellant.
Hutchinson & Nathan, for respondent.

SCHUCHMAN, J.    This is an appeal from a judgment entered on a verdict rendered by a jury in favor of the plaintiff and against the defendant, and from an order denying the defendant's motion for a new trial.    The action is brought to recover damages for personal injuries occasioned by the negligence of the defendant.    The question as to its negligence and of freedom from contributory negligence on the part of the plaintiff has been properly submitted to the jury by the charge of the justice presiding at the trial, and the jury's

verdict is fully sustained by the evidence set forth in the case on appeal herein.

The appellant lays great stress upon the fact that some witnesses testified that, "when the horse which was being driven by the plaintiff stepped on the west track,—that is to say, the track upon which the accident occurred,—the car upon that track was but five feet away from the plaintiff," and that that constitutes contributory negligence, as a matter of law; but, reading that portion of the testimony in connection with the other above referred to, that particular matter is not established as an absolute uncontradicted and conclusive fact, either by positive proof or by necessary inference.

The defendant's exception at folio 123, to the refusal of the court to charge "that there is no evidence of pleurisy, and the jury may not consider pleurisy, as it has not been pleaded," is not available, because the physician testified, without objection, that, when he first examined the plaintiff, he had pleurisy, and the court allowed the physician to explain what pleurisy was, which was perfectly proper.

The defendant further objected to the consideration of pleurisy because it had not been pleaded. The complaint further contains this general allegation: "Plaintiff suffered severe bruises and pains for a time, by reason whereof he became swollen, etc., and was made sick, sore, and disabled." Under this general allegation, proof of pleurisy was allowable. Ehrgott v. Mayor, etc., 96 N. Y. 264, 277.

The exception at folio 115 is not available. The defendant had called one Keely in its behalf, and he testified that he was assistant claim agent of the Third Avenue Railroad Company; that he served a certain witness Pollatchek with a subpœna to attend as a witness; that Pollatchek was in court at the time of the trial; and that at recess time he let him go away. The defendant's attorney asked him the question, "Why did you let him go?" General objection called, stating no ground was raised. Objection sustained, and exception taken by the defendant. Defendant could not ask that question for a motive. The plaintiff, on cross-examination, could have done it. Furthermore, the motive of this assistant claim agent was not competent. The question is too insignificant to base a reversal upon its exclusion, because it is too evident that the jury did not base their verdict on this question.

The exception taken at folio 123 is not available. Defendant's counsel requested the court to charge "that there is no evidence of permanent injury, and they may not find anything for permanent injury, if they find at all." The court said: "I instruct the jury that the plaintiff has not claimed, in his complaint, damages upon an injury, but I submit the evidence as to his present condition to the jury for what it may be worth." The jury could not have been misled by this instruction, as it was substantially that no damages for permanent injury was claimed, and that they were not to consider any in that respect, but that, in regard to the injury sustained by the plaintiff, he would submit the whole evidence to them to consider.

The defendant further objected to the following question addressed to the physician, "From the condition that you found this man in, and the subsequent treatment you gave him, could you state with reason-

able certainty what the injuries he received came from?" and took exception to its admission. The question called for an answer of "Yes" or "No." The defendant did not move to strike out the answer as not being responsive, and the answer was certainly not prejudicial to the defendant, and the jury undoubtedly did not base their verdict upon this answer, because it is competent to ask a physician to tell from what causes the injured condition of a person may have resulted. Turner v. City of Newburgh, 109 N. Y. 301, 16 N. E. 344; Clegg v. Railway Co., 1 App. Div. 207, 37 N. Y. Supp. 130.

There appearing no reversible error, the judgment and order appealed from are affirmed, with costs.

O'DWYER, J., concurs.