(50 App. Div. 542.)

STRENG v. FRANK IBERT BREWING CO.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

INJURIES—CONSEQUENTIAL DAMAGES—EVIDENCE.

In a suit for personal injuries, an expert witness testified that plaintiff's injuries might be permanent, and that his injured knee joint would be liable to chronic inflammation from subsequent slighter injuries. *Held*, that the admission of this evidence was error, since it is not enough to entitle a plaintiff to consequential damages that his injuries may develop into more serious conditions, but there must be a probability, amounting to reasonable certainty, that they will so develop.

Appeal from municipal court, borough of Brooklyn.

Action by William E. Streng against the Frank Ibert Brewing Company for injuries. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Grant C. Fox, for appellant.
Herman H. Baker, for respondent.

WOODWARD, J.   On May 1, 1899, the plaintiff in this action was standing upon the street in front of 1205 Myrtle avenue, borough of Brooklyn.   A team belonging to the defendant, and in charge of its servant, was left standing, without hitching, in front of a hardware store a few doors up the street.   The team became frightened and started to run.   Immediately in the pathway of the advancing team a child was playing in the street; and the plaintiff, in a laudable ambition to save the child from injury, ran out into the highway, secured a hold upon the reins, and succeeded in stopping the team, though not until he had been dragged under the feet of the horses, sustaining the injuries of which he here complains.   Upon the trial the facts necessary to establish the cause of action for negligence on the part of the defendant were established by the plaintiff, and the court rendered a decision, upon which judgment was entered for $200 damages, with costs and allowances.   From the judgment entered, appeal comes to this court; the defendant alleging error in the admission of evidence as to the character of the injuries.

Plaintiff's physician, who was shown to have been in practice for about 30 years, was asked: "Now, doctor, from your experience as a physician and surgeon, can you state whether the injuries sustained at that time, and discovered by you, may be permanent in their nature?"   This question was objected to "as improper in form and incompetent; and, further, on the ground that the witness has not been shown competent to express an opinion; and, further, upon the ground that the hypothesis is not sustained by the evidence."   The court overruled the objection, and the doctor answered: "They may be permanent; yes."   He was then asked: "In what way?  (Same objections and ruling.)   A. Well, the knee joint, when once injured quite severely, is liable to chronic inflammation from subsequent slighter injuries."   Defendant's counsel moved to strike this answer out as incompetent, and upon the ground that the proper foundation had not been laid for it; but the court admitted the answer, and the defendant took an exception.   We are quite clear in the opinion that these answers constitute reversible error, under the rule laid down by the court in Strohm v. Railroad Co., 96 N. Y. 305, and followed since that time.   "Consequences which are contingent, speculative, or merely possible," say the court in a leading case, "are not proper to be considered in ascertaining the damages.   It is not enough that the injuries received may develop into more serious conditions than those which are visible at the time of the injury, nor even that they are likely to so develop.   To entitle a plaintiff to recover present damages for apprehended future consequences, there must be such a degree of probability of their occurring as amounts to a reasonable certainty that they will result from the original injury."

The judgment appealed from should be reversed, and a new trial ordered; costs to abide the event.   All concur.