Judgment reversed, new trial ordered, costs to appellant to abide event.

---

Louis Bellemare, Respondent, *v.* The Third Avenue Railroad Company, Appellant.

*Evidence of a physician — when speculative as to the permanence of an injury.*

In an action to recover damages for personal injuries, it is improper to permit a physician who examined the plaintiff some three years and eight months after the accident, and found that certain ribs on his left side were fractured, to testify, in answer to the question as to whether the injuries would be permanent, that "There is likely to be á certain loss of strength of the affected side, but the principal danger lies in the complications that may result from chronic pleurisy, which exists in this man's case," and that such complication "is liable to occur; it may and may not;" as such testimony is conjectural and speculative, there being no reasonable certainty that the anticipated consequences will result.

Appeal by the defendant, The Third Avenue Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 27th day of March, 1899, upon the verdict of a jury for $2,500, and also from an order entered in said clerk's office on the 4th day of April, 1899, denying the defendant's motion for a new trial made upon the minutes.

*Alfred Lauterbach,* for the appellant.

*Edward M. Bliven,* for the respondent.

Patterson, J.:

The judgment from which the appeal in this case is taken must be reversed for an error in rulings upon evidence respecting the permanency of the injuries sustained by the plaintiff. The action was brought to recover damages for such injuries which, it was alleged, were caused by the negligence of the defendant's servant

in managing a cable car belonging to the defendant. That car collided with one belonging to the Forty-second Street Railroad Company on which the plaintiff was a passenger. The evidence was sufficient to authorize the verdict of the jury upon all the issues involved, except that relating to the extent and permanency of the injuries the plaintiff sustained. Among those injuries were fractured ribs and an overlapping of one of the ribs, but they were healed at the time of the trial. The injuries were inflicted on the 12th of March, 1894. At the trial, a physician was called, who testified that he first saw the plaintiff on the 14th day of November, 1897, and that he then examined him as to his physical condition and found that he had had a fracture of the eighth, ninth, tenth and probably the eleventh ribs on the left side ; that there were friction sounds over the ribs. That was all this physician discovered. He was then asked whether, from his observation of the plaintiff, he was able to express an opinion as to the effects upon him, to which he replied affirmatively, and was then further asked, "From such observation, what opinion would you give in reference to the injury as to its being permanent or otherwise ? " That was objected to as incompetent, the objection was overruled and an exception taken. The witness answered, "There is *likely* to be a certain loss of strength of the affected side, but the principal danger lies in the complications *that may* result from chronic pleurisy, which exists in this man's case." The witness subsequently testified as follows: " Q. Give us your opinion as to what the effect of this injury will be ? A. That is impossible to say. Q. The probable effect ? A. That complication *is liable* to occur ; it may and may not. Q. What complication ? A. Empyema or an effusion of pus into the left pleural cavity." A motion was made to strike out this testimony as being speculative, which motion was denied and an exception was taken.

It will thus be seen that this witness was allowed to testify from his observation to the opinion that the injuries were likely to result in a permanent loss of strength of the affected side and that danger existed in complications that *might* arise from chronic pleurisy, and that such complications *are liable* to occur. All this testimony was conjectural and speculative, and the opinion expressed by the witness was not based upon that which is required for the allowance of expert testimony of this character, namely, that the anticipated con-

sequences will result with reasonable certainty from the injuries sustained by the sufferer. As was said by Rapallo, J., in *Strohm* v. *N. Y., L. E. & W. R. R. Co.* (96 N. Y. 305): "It is not enough that the injuries received may develop into more serious conditions than those which are visible at the time of the injury, nor even that they *are likely* to so develop. To entitle a plaintiff to recover present damages for apprehended future consequences, there must be such a degree of probability of their occurring as amounts to a reasonable certainty that they will result from the original injury. (*Curtis* v. *Rochester & Syracuse R. R. Co.*, 18 N. Y. 541; *Filer* v. *N. Y. C. & H. R. R. R. Co.*, 49 id. 45; *Clark* v. *Brown*, 18 Wend. 229; *Lincoln* v. *Saratoga & S. R. R. Co.*, 23 id. 425, 435.)"

This rule is frequently invoked and is applicable to this case. What the witness was permitted to testify to here, was not what would happen in the future with reasonable certainty, but as to what would be likely to happen or might supervene. It was testimony as to the possibility of future consequences, and a possibility is a mere speculation. It is said in *Clegg* v. *Met. St. R. Co.* (1 App. Div. 210) that more misapprehension exists with reference to the scope and meaning of the rule laid down in the *Strohm* case than in almost any decision appearing in the law reports, but since the rule there laid down has been made clear by the Court of Appeals in more recent decisions there should be no longer any serious error on the subject, and that what was condemned in the *Strohm* case as speculative and hypothetical, "related to the possible development in the plaintiff of diseases which were non-existent at the time of the trial." That is the precise condition of the case at bar. We think it cannot be said in this case that the testimony of this witness was brought within the rule of probable consequences based upon reasonable certainty, and that is the only ground upon which opinion testimony of this character is admissible.

We think this error must have affected the jury, and, as a consequence, the judgment and order must be reversed and a new trial ordered, with costs to the appellant to abide the event.

Rumsey, O'Brien and Ingraham, JJ., concurred; Van Brunt, P. J., concurred in result.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.