(85 App. Div. 199.)

## HUBA v. SCHENECTADY RY. CO.

(Supreme Court, Appellate Division, Third Department.   June 30, 1903.)

1. STREET RAILROADS—EJECTING PROSPECTIVE PASSENGER—REASONABLE TIME FOR PAYMENT OF FARE.

On the issue whether plaintiff, boarding a street car as a passenger, was ejected before sufficient time was allowed him to pay his fare, evidence examined, and *held* insufficient to show, as a matter of law, that plaintiff was given a sufficient time.

2. SAME—COMPLAINT—ALLEGATIONS—INSTRUCTIONS.

Where the complaint in an action for injuries sustained by a passenger ejected from a street car alleged that plaintiff was unlawfully ejected by violence, but did not aver that unnecessary violence was used, an instruction that the company had no right to use unnecessary violence in removing him was erroneous, as allowing a verdict for plaintiff on. the ground that he was lawfully ejected, but that unnecessary force was used.

3. SAME—EFFECT OF INJURY—EXPERT TESTIMONY.

In an action for personal injuries, expert testimony that the injuries sustained might be the cause of headaches suffered subsequent to the accident was speculative, and not proper in estimating the damages.

Appeal from Trial Term, Albany County.

Action by Conrad C. Huba against the Schenectady Railway Company. From a judgment for plaintiff, and from an order denying the motion for a new trial on the minutes unless defendant paid plaintiff's costs, as taxed, defendant appeals.   Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Hun & Parker, for appellant.

Sanford & Sanford, for respondent.

HOUGHTON, J.   The defendant operates a street railway, and the plaintiff boarded one of its cars, as a passenger, in an intoxicated condition.   The conductor demanded his fare, which was not paid, and the plaintiff was put off the car.   The theory of the plaintiff, in his complaint and on the trial, was that sufficient time was not allowed him to pay his fare, and that he was unlawfully ejected. The defendant contended that the plaintiff had refused to pay· his fare, and was properly removed from the car.   In ejecting the plaintiff, he fell or was thrown to the ground, and was more or less injured about the head.   The character of those injuries was described, and headaches which the plaintiff had experienced since the injury were detailed by him.   The manner and violence with which he was removed were also described.

The plaintiff testified to facts from which it might be inferred that he was not given time to pay his fare before he was ejected from the car, and that, from the time of the request of the conductor that he pay to the time of his being put off, he was searching for the money which he had on his person, and that he was thrown backwards from the car, and in this contention he is corroborated by some of his witnesses.   The defendant insists that, as matter of law, a reasonable time had been allowed the plaintiff in which to pay,

and that it therefore had a right to eject the plaintiff by such force as was necessary to accomplish the purpose. The car had proceeded about a quarter of a mile from the point at which the plaintiff boarded it when it was stopped for the purpose of putting him off. The time which it took the car to travel this distance is not clearly stated. There is proof that it was running its regular speed, but what that speed was, does not appear. One witness says that it could have taken only about two minutes to stop it between the time the bell was rung for stopping and the time the car actually stopped. The same witness testified, however, that the car could stop in three times its length. It is manifest that what is a reasonable time within which a passenger must pay his fare, after demand, is dependent upon the circumstances surrounding the situation; and we do not think that we can say, as matter of law, as the facts are now presented, that a reasonable time had elapsed, and that the defendant was justified in ejecting the plaintiff.

There were, however, errors upon the trial which require a reversal of the judgment.

The complaint did not allege that unnecessary violence was used in removing the plaintiff from the car. The court charged the jury that the defendant had no right to use unnecessary force or violence in ejecting the plaintiff, to which the defendant excepted on the ground that the complaint did not allege unnecessary violence. We think this exception was well taken. The theory of the complaint is that the plaintiff was unlawfully ejected by violence, it is true; but not by such special allegations as would allow the jury to consider the special damages which might arise from the use of unnecessary force. The use of unnecessary violence might give rise to a cause of action quite independent of the fact as to whether the eviction was lawful or unlawful. If the eviction was unlawful, it might be by force which produced the injury; but whether the force used was greater than was necessary, and produced greater injury than would naturally follow, was in the nature of special damage, which should have been pleaded, in order to allow the plaintiff to recover by reason of that fact. In order to entitle a party to special damages, he must allege them in his complaint. Kleiner v. Third Avenue R. Co., 162 N. Y. 193, 56 N. E. 497. · Consideration of that question tended to enlarge the cause of action itself, and, in order to entitle the plaintiff to have the jury pass upon that question, he must have alleged the facts in his complaint. Cassidy v. Brooklyn Eagle, 138 N. Y. 239, 33 N. E. 1038. Under the charge the jury could have found that the plaintiff was lawfully ejected, but that unnecessary force was used, and hence have found a verdict for the plaintiff upon a cause of action, or element of a cause of action, not alleged in the complaint. .

In addition to this, we think the court erred in not striking out, on motion of the defendant, the answer of Dr. Leavy, who was asked the following question:

"Q. In your judgment, as a physician, if a man had never had headaches, and had had a fall and bruise similar to this one you dressed on the 19th of November, would headaches that he had subsequent to that time, in your

judgment, be caused by that fall?" To which he answered: "They might be."

The question was not objected to, but a motion was made to strike out the answer as too indefinite and hypothetical. The question is quite inartificially framed, but it was evidently understood to call for the opinion of the physician. The answer does not rise to the dignity of the expression of an opinion. Any witness, not being an expert, could say that the headaches might have been caused by the injury; and an expert could very truthfully say that they might have been so caused, but, when pressed for his opinion as to whether or not they were, he might have been unable, with reasonable certainty, to have given such an opinion. Consequences which are merely possible and speculative are not proper to be considered in estimating damages. Strohm v. N. Y., L. E. & W. R. Co., 96 N. Y. 305. In Bellemare v. Third Avenue R. Co., 46 App. Div. 557, 61 N. Y. Supp. 981, the answer of an expert that there was likely to be a certain loss, resulting from an injury, and that complications might result, was condemned as hypothetical and speculative. And in Streng v. Ibert Brewing Co., 50 App. Div. 542, 64 N. Y. Supp. 34, it was held error to refuse to strike out an answer of an expert that injuries "might be permanent." The trial court allowed the answer to stand for what it was worth; evidently considering it of very little value, as properly he might. But we cannot say that the jury did not regard the answer as of importance, and construe it as the deliberate opinion of the physician. The rule that the opinion of experts should be confined to probable consequences, based upon reasonable certainty, is so broad that doubtful and speculative expressions of opinion are unnecessary, and should be carefully guarded against.

The judgment and order must be reversed, and a new trial granted, with costs to abide the event. All concur; PARKER, P. J., and SMITH, J., on ground last stated.