(88 App. Div. 283.)

KELLY v. UNITED TRACTION CO.

(Supreme Court, Appellate Division, Third Department.   November 11, 1903.)

1. PERSONAL INJURIES—PERMANENCY—EXPERT EVIDENCE—CERTAINTY.
   Where, in an action for personal injuries, an expert witness had testified that he thought he could state with a fair degree of certainty whether plaintiff's injuries would be permanent, and thereafter, in answer to another question, stated that he thought they would be more or less permanent; that, though there might be some little improvement, he thought she would suffer probably all the rest of her life; and defendant did not object to the second answer on the ground that the first had shown the witness not qualified to give an opinion, but merely moved to strike out as speculative, the second answer was sufficiently certain.

Appeal from Trial Term.

Action by Anna Kelly against the United Traction Company. Judgment for plaintiff. Defendant appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Patrick C. Dugan, for appellant.

John H. Gleason, for respondent.

PARKER, P. J.   In this action the plaintiff has recovered a verdict for $2,500 against the defendant as damages sustained by her through its negligence while riding on one of its cars.   The defendant appeals from the judgment thereon entered, and on this argument seriously urges but one ground for reversal, viz., that the trial court improperly permitted Dr. MacFarlane to testify as to whether or not the plaintiff's injuries were of a permanent character.   The question on the trial was presented in the following manner:

"Q. What do you say as to whether her present condition will be permanent?   (Objected to as incompetent, improper, and speculative.)   Q. Can you state with reasonable certainty as to whether her condition will be permanent or not?   A. Yes, I think with a fair degree of certainty, the same as I would with other patients—private patients.   (Objected to, and motion to strike out as speculative, incompetent, and improper.   Motion denied.   Exception.)   Q. Now, will her present condition be permanent?   A. I think it will be more or less permanent.   There may be some little improvement, but I think she will suffer probably the rest of her life. (Same motion to strike out.   Motion denied.   Exception.)"

The first question was not answered.   The second question was concededly a proper one, and it was no error to refuse to strike out the answer to it.   It was responsive to the question, and was harmless to the defendant.   It does not assume to answer whether the condition would or would not be permanent, but simply gave the witness' judgment as to how certain he can be upon that subject.   The next question inquires directly as to whether the present condition will or will not be permanent, and it is the answer to this which constitutes the evidence that the defendant complains of.   Reading it all together, the answer seems to amount to this:   "In my opinion, there may be some little improvement, but the probability is that she will suffer during the rest of her life."   No complaint is made that this answer is not responsive to the inquiry, and the only question presented here is whether such evidence has that degree of certainty which the law requires to warrant it being received and acted upon by a jury.   The appellant's counsel claims that the rule which controls the receipt of such testimony is found in the Strohm Case, 96 N. Y. 305, and the Streng Case, 50 App. Div. 542, 64 N. Y. Supp. 34, and that under such rule a recovery cannot be had for apprehended future consequences, unless there be such a degree of probability of their occurring as amounts to a "reasonable certainty" that they will result from the original injury.   And he argues that the answer of the witness that he thinks he can state with a "fair degree of certainty" shows that he does not speak with that certainty which the law requires.   It is to be noticed, however, that no objection is made that the witness, by his answer to that question, has disqualified himself

from giving an opinion. The answer is taken without objection, but after it is received a motion is made to strike it out as speculative, etc. The objection seems to go to the matter in the answer itself, and not to the fact that the witness did not assume to speak with the requisite certainty. There has been much discussion in subsequent cases as to just what was intended by the Strohm Case. Without attempting to determine just how far, if any, it had been modified, we can find the rule as applicable to the permanency of an existing condition correctly stated in the Griswold Case, 115 N. Y. 61, 21 N. E. 726, 12 Am. St. Rep. 775. There the question was as to the "probability" of the plaintiff's recovery, and that question was sustained. It seems to have been challenged upon the theory that what would probably happen might not be inquired for, but that it must appear that it is reasonably certain to happen before an apprehended consequence can be put before a jury. Judge Finch, however, reviewed the Strohm Case to some extent, and says: "The questions objected to were not inadmissible because they sought the probabilities of a recovery." "Certainty was impossible, and the wisest physician can do no more than form an opinion based upon a reasonable probability." So, in McClain v. Brooklyn City R. R. Co., 116 N. Y. 468, 22 N. E. 1064, referring to the evidence of medical experts on this question, it is said: "And their judgment of the probable consequences comes within the rule of reasonable certainty, and therefore of admissibility." See, also, Clegg v. Metropolitan St. R. Co., 1 App. Div. 207, 37 N. Y. Supp. 130; Knoll v. Third Avenue R. R. Co., 46 App. Div. 529, 530, 62 N. Y. Supp. 16. An opinion, then, of a medical expert, that a present condition will probably be permanent, seems to be sufficiently certain to be allowed to be received as evidence; and such I understand was the witness' answer that is now complained of. As suggested above, the objection was not taken that the witness was not qualified to answer the question because he had testified that he could not speak with that certainty which the law required; but, even if that objection had been taken, the answer shows that the witness, whatever he meant by the phrase "a fair degree of certainty," was able to speak, and did speak, as to the probabilities of the condition's continuing. He does not qualify his opinion that the probabilities are the condition will be permanent, but the certainty with which he can predict the final result is another question. Within the rule of the Griswold Case, he is only required to give his opinion as to the probabilities of the case, and that, it seems to me, he has fairly given in this case. Although the evidence so given was evidently injurious to the defendant, I conclude that the refusal to strike it out was not error.

As to the questions of fact arising in the case, I am not able to point out such a preponderance of evidence against the conclusion which the jury have reached as warrants our reversal of their verdict.

The conclusion is that the judgment should be affirmed, with costs. All concur.