ROSENBLATT v. JOSEPH M. COHEN HOUSE WRECKING CO.

(Supreme Court, Appellate Division, Second Department.  March 4, 1904.)

1. EXPERT TESTIMONY—PROBABLE RESULTS OF PHYSICAL CONDITIONS.
    A physician who has attended plaintiff in an action for personal injuries may testify as to probable result of plaintiff's present physical condition.

2. IRRESPONSIVE ANSWER—MOTION TO STRIKE OUT.
    Statement of a witness, open to the criticism of expressing an opinion as to a possibility, not being called for by the question put to him, is not ground for reversal, no motion being made to strike it out.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Gustav Rosenblatt against the Joseph M. Cohen House Wrecking Company.  From a judgment on a decision awarding plaintiff $500 damages, defendant appeals.  Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Charles B. Law, for appellant.
Edward H. Kissam, for respondent.

WILLARD BARTLETT, J.  The plaintiff was injured by being struck by fragments of a stone which the defendant's employés allowed to fall from the top of a house which they were engaged in taking down, on Fifth avenue, in the borough of Brooklyn.  The plaintiff was walking along the street at the time, outside a barrier which was maintained to prevent travelers upon the highway from passing directly under objects which might fall from the building in the course of the work. There is absolutely no basis for the imputation of any contributory negligence against him, and the proof clearly justifies the finding that the servants of the defendant were negligent in permitting the fall of the stone by which he was injured.

The only question of law requiring notice relates to the testimony as to the effects of the injuries sustained by the plaintiff.  It is argued

¶ 1. See Evidence, vol. 20, Cent. Dig. § 2337.

that some of his evidence was in conflict with the rule which controlled the decision of the Court of Appeals in Strohm v. N. Y., L. E. & W. R. R. Co., 96 N. Y. 305. The testimony which is criticised as having been improperly received was given by a physician. Reading it all together, it will be found to be nothing more than the expression of the opinion of an expert medical witness, who attended the plaintiff and treated him professionally, to the effect that the injury to the plaintiff's knee would probably always make his ability to walk less than it was before, and that the injury to his back would probably cease to affect him at the end of six months after the accident. It has frequently been pointed out by this court and other courts that the rule laid down in the Strohm Case does not prohibit the reception of evidence as to the probable results of a present physical condition. Clegg v. Metropolitan St. R. Co., 1 App. Div. 207, 37 N. Y. Supp. 130, and cases there cited. In the case at bar I find only one sentence in the testimony of the physician which can properly be regarded as objectionable. He speaks of the plaintiff having "chronic synovitis of his left knee, which may bother him for a considerable time to come." The statement that the injury may bother the plaintiff is open to criticism as being the expression of an opinion, not as to a probability, but as to a possibility. This portion of the answer, however, was not called for by the question put to the witness, and no motion was made to strike it out. Under these circumstances the defendant is not in a position to urge that its appearance in the record demands a reversal of the judgment; but in any event, when it is considered in the light of all the testimony given by the doctor, I am entirely satisfied that it could have done the defendant no harm.

I think the judgment is right, and should be affirmed.

Judgment of the Municipal Court unanimously affirmed, with costs. All concur.