All concurred, except PARKER, P. J., and HOUGHTON, J. dissenting.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.

---

JENNIE HIGGINS, Respondent, *v.* UNITED TRACTION COMPANY, Appellant.

*Negligence — a question whether an injury, described, would "be likely to produce" a certain condition is inadmissible.*

Upon the trial of an action to recover damages for personal injuries it is improper to allow a witness sworn on behalf of the plaintiff to be asked by the plaintiff's attorney, "Would an injury such as she received upon that day be likely to produce the condition which I have related to you?" as the term "likely" does not imply the necessary degree of probability or certainty to make the question admissible.

PARKER, P. J., dissented.

APPEAL by the defendant, the United Traction Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rensselaer on the 19th day of January, 1904, upon the verdict of a jury for $1,000, and also from an order entered in said clerk's office on the 20th day of January, 1904, denying the defendant's motion for a new trial made upon the minutes.

The plaintiff has sued the defendant for damages for negligence. Her claim is that in alighting from one of the defendant's cars the car started up before she had left the same, thereby throwing her to the ground and injuring her. The jury rendered a verdict in her favor for $1,000. From the judgment entered upon this verdict and from an order denying defendant's motion for a new trial this appeal is taken.

*Patrick C. Dugan,* for the appellant.

*Thomas F. Powers,* for the respondent.

SMITH, J.:

Upon the trial of this action one Morris, a physician, was called in behalf of the plaintiff. In a hypothetical question, which assumed as true certain facts claimed to have been proven by the plaintiff, he was asked: "What would you say produced the condition in which you found this woman upon your examination?" To this he answered: "An injury could produce that condition." Thereupon the witness was asked by plaintiff's attorney: "Would an injury such as she received upon that day be likely to produce the condition which I have related to you?" This was objected to by defendant's counsel as speculative, incompetent, inadmissible and not based upon a reasonable certainty, or upon the facts proven. The objection was overruled, the defendant excepted, and the witness answered: "I say yes, it would." In *Strohm* v. *N. Y., L. E. & W. R. R. Co.* (96 N. Y. 305) RAPALLO, J., in writing for the court, says: "Consequences which are contingent, speculative, or merely possible, are not proper to be considered in ascertaining the damages. It is not enough that the injuries received may develop into more serious conditions than those which are visible at the time of the injury, nor even that they are likely to so develop. To entitle a plaintiff to recover present damages for apprehended future consequences there must be such a degree of probability of their occurring as amounts to a reasonable certainty that they will result from the original injury." In *Bellemare* v. *Third Avenue R. R. Co.* (46 App. Div. 557) the head note reads: "In an action to recover damages for personal injuries it is improper to permit a physician who examined the plaintiff some three years and eight months after the accident and found that certain ribs on his left side were fractured, to testify in answer to the question as to whether the injuries would be permanent that 'There is likely to be a certain loss of strength of the affected side, but the principal danger lies in the complications that may result from chronic pleurisy, which exists in this man's case,' and that such complication 'is liable to occur; it may and may not,' as such testimony is conjectural and speculative, there being no reasonable certainty that the anticipated consequences will result." In that case the *Strohm* case was referred to and relied upon, the court holding that it is not proper to testify as to consequences which *are likely to develop*. While the term

"likely" has in it to a certain extent an element of probability, it thus seems to have been held that it is not strong enough to make proper evidence facts which are likely to occur.   The holding seems to be that there should be a stronger indication of a probability to a reasonable degree of certainty before a jury could be authorized to award damages therefor.   For this error the judgment must be reversed.   It is unnecessary, therefore, to examine the other errors charged to have been made upon the trial.

All concurred, except PARKER, P. J., dissenting.

Judgment and order reversed, new trial granted, with costs to appellant to abide event.