JULIA S. OSTERHOUT, Respondent, *v.* THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Appellant.

Third Department, May 4, 1910.

Damages — negligence — future consequences of accident — evidence — reasonable certainty.

To entitle one to recover damages for apprehended future consequences, it must be reasonably certain that they will result from the injuries suffered.

In an action for personal injuries it is error to permit the plaintiff's physician to testify over proper objection as to whether certain future consequences are "likely to occur." The error is not cured by subsequent testimony that the accident would "predispose" the plaintiff to the consequences described.

SEWELL, J., dissented.

APPEAL by the defendant, The Delaware, Lackawanna and Western Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Broome on the 10th day of October, 1907, upon the verdict of a jury for $3,250, and also from an order entered in said clerk's office on the 25th day of August, 1909, denying the defendant's motion for a new trial made upon the minutes.

*Halsey Sayles*, for the appellant.

*H. Fred Lyon*, for the respondent.

COCHRANE, J.:

The plaintiff recovered a verdict of $3,250 for personal injuries. At the time of such injuries she was a married woman about twenty-six years old. She claims that she had been in a condition of pregnancy for about two months and that her injuries resulted in a miscarriage about two weeks thereafter. She was not attended by a physician until after the alleged miscarriage. She then walked to the office of a physician and thereafter received from him medical treatment. On the trial this physician, after having testified that he could not say positively from his examination and observation that plaintiff had suffered a miscarriage, did testify that such was the case in his opinion based upon what he observed and upon symptoms which she manifested including what she told him. In the course of his examination he was asked this question: "Does the fact that a person suffers a miscarriage have any influence upon the fact as to whether subsequent miscarriages are likely to occur?" This was objected to among other grounds as speculative, irrelevant and improper. The objection was overruled and defendant excepted. The witness answered, "Yes, sir." In *Strohm* v. *New York, Lake Erie & Western R. R. Co.* (96 N. Y. 305) the court said: "It is not enough that the injuries received may develop into more serious conditions than those which are visible at the time of the injury, nor even that they are likely to so develop. To entitle a plaintiff to recover present damages, for apprehended future consequences, there must be such a degree of probability of their occurring as amounts to a reasonable certainty that they will result from the original injury." While there was formerly more or less misappre-

hension as to the precise meaning of the rule laid down in the *Strohm* case, the language therefrom above quoted has been repeated literally in *Ayres* v. *Delaware, Lackawanna & Western R. R. Co.* (158 N. Y. 254, 264) and in other cases. In *Clegg* v. *Metropolitan Street R. Co.* (1 App. Div. 207) Mr. Justice BARTLETT in discussing this misapprehension said: " There ought no longer to be any liability to serious error on the subject. The evidence that was condemned in the *Strohm* case as speculative and hypothetical, related to the possible development in the plaintiff of diseases which were non-existent at the time of the trial." The rule of the *Strohm* case as thus declared and limited was clearly violated by the testimony above mentioned, and I think such testimony falls clearly within the condemnation of this court in *Higgins* v. *United Traction Co.* (96 App. Div. 69) and *Huba* v. *Schenectady R. Co.* (85 id. 199), and has also been condemned in the case of *Bellemare* v. *Third Ave. R. R. Co.* (46 id. 557). In those cases it was explicitly held that it is not proper to testify as to consequences which are "likely to develop." That is precisely the testimony now under consideration, viz., that " subsequent miscarriages are *likely* to occur." This erroneous evidence was not cured by the subsequent question as follows: " Q. Take it in a case of a female who has never suffered a miscarriage, would the liability to miscarry with reasonable certainty be as great as that of a case of a female who had suffered previous miscarriages ? " Although the words " reasonable certainty " were inserted in the question yet it was so framed as to nullify their effect and to establish even if properly answered not that subsequent miscarriages would follow with reasonable certainty but merely that there was a " *liability* to miscarry with reasonable certainty." It did not tend to prove with anything like reasonable certainty that there would be any future miscarriages. The witness did not answer this question responsively, but said: " Previous miscarriages predispose to other miscarriages." A predisposition or possibility falls far short of reasonable certainty. The fact that plaintiff may suffer subsequent miscarriages as the result of her injuries for which the jury has awarded her this verdict has not been established with reasonable certainty, but merely that such a result is " likely to occur " or that there is a predisposition thereto. Substantially the only injury complained of by plaintiff was her alleged

miscarriage.   The evidence above criticized' was just the kind of evidence which would probably influence a jury, and must have been prejudicial to the defendant.

The judgment and order must, therefore, be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred, except Sewell, J., dissenting; Houghton, J., not sitting.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.

---

Margaret McMahon, as Sole Administratrix, etc., of Henry P. McMahon, Deceased, Appellant, v. Lehigh Valley Railroad Company, Respondent.

Third Department, May 4, 1910.

Railroad — negligence — boiler explosion — cause — question for jury — concurring negligence of engineer — pleading.

Where the evidence in an action to recover for the death of plaintiff's intestate, a brakeman, who was killed by the explosion of a locomotive boiler, tends to show that parts of the firebox were defective; that such defects caused the explosion, and that defendant had neglected to subject the engine to customary tests, the negligence of the engineer in permitting the steam pressure to become excessive does not exonerate the defendant, if by the use of such tests, the defective condition of the boiler could have been ascertained.

Evidence examined, and *held*, to raise questions for the jury as to whether the engine was defective and, if so, whether the accident was caused by the defect, and whether the engine was properly inspected and tested.

Evidence of insufficient inspection may be given under an allegation that the defendant was negligent in providing an unsafe engine.

Appeal by the plaintiff, Margaret McMahon, as sole administratrix, etc., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Tioga on the 14th day of November, 1908, upon the dismissal of the complaint by direction of the court after a trial at the Tioga Trial Term.