## OSTERHOUT v. DELAWARE, L. & W. R. CO.

(Supreme Court, Appellate Division, Third Department. May 4, 1910.)

1. DAMAGES (§ 24*)—CONTINGENT AND POSSIBLE CONSEQUENCES—PROBABILITY OF OCCURRENCE.

In a personal injury action, in which it was claimed that the injury resulted in a miscarriage, an expert witness may not answer a question, "Does the fact that a person suffers a miscarriage have any influence on the fact as to whether subsequent miscarriages are likely to occur?" since, to entitle a plaintiff to recover present damages for apprehended future consequences, there must be such a degree of probability of their occurring as amounts to a reasonable certainty that they will result from the original injury.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 65–67; Dec. Dig. § 24.*]

2. APPEAL AND ERROR (§ 1052*)—REVIEW—PREJUDICIAL ERROR—ADMISSION OF EVIDENCE.

In a personal injury action, the erroneous admission of an answer to a question to an expert witness, that subsequent miscarriages are "likely to occur if one occurs," is not cured by a subsequent question, "Take it in a case of a female who has never suffered a miscarriage, would the liability to miscarry with reasonable certainty be as great as that of the case of a female who had suffered previous miscarriages?" to which answer was made, "Previous miscarriages predispose to other miscarriages," and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

especially where the only evidence of damages in the case was that plaintiff had a miscarriage.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4172; Dec. Dig. § 1052.*]

Sewell, J., dissenting.

Appeal from Trial Term, Broome County.

Action by Julia S. Osterhout against the Delaware, Lackawanna & Western Railroad Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, and SEWELL, JJ.

Halsey Sayles, for appellant.

H. Fred Lyon, for respondent.

COCHRANE, J.  The plaintiff recovered a verdict of $3,250 for personal injuries. At the time of such injuries she was a married woman about 26 years old. She claims that she had been in a condition of pregnancy for about 2 months, and that her injuries resulted in a miscarriage about 2 weeks thereafter. She was not attended by a physician until after the alleged miscarriage. She then walked to the office of a physician and thereafter received from him medical treatment. On the trial this physician, after having testified that he could not say positively from his examination and observation that plaintiff had suffered a miscarriage, did testify that such was the case in his opinion, based upon what he observed and upon symptoms which she manifested, including what she told him. In the course of his examination he was asked this question:

"Does the fact that a person suffers a miscarriage have any influence upon the fact as to whether subsequent miscarriages are likely to occur?"

This was objected to, among other grounds, as speculative, irrelevant, and improper. The objection was overruled and defendant excepted. The witness answered:

"Yes, sir."

In Strohm v. New York, Lake Erie & Western Railroad Company, 96 N. Y. 305, the court said:

"It is not enough that the injuries received may develop into more serious conditions than those which are visible at the time of the injury, nor even that they are likely to so develop. To entitle a plaintiff to recover present damages for apprehended future consequences, there must be such a degree of probability of their occurring as amounts to a reasonable certainty that they will result from the original injury."

While there was formerly more or less misapprehension as to the precise meaning of the rule laid down in the Strohm Case, the language therefrom above quoted has been repeated literally in Ayres v. Delaware, Lackawanna & Western Railroad Company, 158 N. Y. 254, 264, 53 N. E. 22, and in other cases.

In Clegg v. Metropolitan Street Railway Company, 1 App. Div. 207, 37 N. Y. Supp. 130, Mr. Justice Bartlett, in discussing this misapprehension, said:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"There ought no longer to be any liability to serious error on the subject. The evidence that was condemned in the Strohm Case as speculative and hypothetical related to the possible development in the plaintiff of diseases which were nonexistent at the time of the trial."

The rule of the Strohm Case, as thus declared and limited, was clearly violated by the testimony above mentioned, and I think such testimony falls clearly within the condemnation of this court in Higgins v. United Traction Company, 96 App. Div. 69, 89 N. Y. Supp. 76, and Huba v. Schenectady Railway Company, 85 App. Div. 199, 83 N. Y. Supp. 157, and has also been condemned in the case of Bellemare v. Third Avenue Railroad Company, 46 App. Div. 557, 61 N. Y. Supp. 981. In those cases it was explicitly held that it is not proper to testify as to consequences which are "likely to develop." That is precisely the testimony now under consideration, viz., that "subsequent miscarriages are likely to occur." This erroneous evidence was not cured by the subsequent question as follows:

"Q. Take it in a case of a female who has never suffered a miscarriage, would the liability to miscarry with reasonable certainty be as great as that of a case of a female who had suffered previous miscarriages?"

Although the words "reasonable certainty" were inserted in the question, yet it was so framed as to nullify their effect, and to establish, even if properly answered, not that subsequent miscarriages would follow with reasonable certainty, but merely that there was a "liability to miscarry with reasonable certainty." It did not tend to prove with anything like reasonable certainty that there would be any future miscarriages. The witness did not answer this question responsively, but said:

"Previous miscarriages predispose to other miscarriages."

A predisposition or possibility falls far short of reasonable certainty. The fact that plaintiff may suffer subsequent miscarriages as the result of her injuries for which the jury has awarded her this verdict has not been established with reasonable certainty, but merely that such a result is "likely to occur," or that there is a predisposition thereto. Substantially the only injury complained of by plaintiff was her alleged miscarriage. The evidence above criticised was just the kind of evidence which would probably influence a jury, and must have been prejudicial to the defendant.

The judgment and order must therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except SEWELL, J., who dissents, and HOUGHTON, J., not sitting.