less we afford the crafty opportunity to cunningly and intentionally gain a wrongful benefit without incurring liability. I believe both Dingwell and plaintiff understood the words to threaten arrest upon a criminal charge.

[2] The common-law rule that there must be a threat of unlawful arrest, and imprisonment, no longer prevails. The phrase "duress per minas" may be used for brevity or convenience, even though the action be one to declare void a contract obtained by coercion and recover the money paid.

"However we may classify the case, the rule is firmly established that in relation to husband and wife, etc., each may avoid a contract induced and obtained by threats of imprisonment of the other, and it is of no consequence whether the threat is of a lawful or unlawful imprisonment." Adams v. Irving National Bank, 116 N. Y. 606, 611, 23 N. E. 7, 8, 6 L. R. A. 491, 15 Am. St. Rep. 447.

Judgment is ordered for plaintiff for $1,000, with interest from date of demand, to be computed and entered by clerk. This may be treated as a direction of a verdict, but the better practice in this case seems to me to be to regard the trial by the jury as waived and submit findings; but plaintiff's counsel may act as advised.

Judgment for plaintiff.

---

GLEASON v. HUDSON VALLEY RY. CO.

(Supreme Court, Appellate Division, Third Department.   March 8, 1911.)

1. DAMAGES (§ 24*)—PERSONAL INJURIES—PROSPECTIVE CONSEQUENCES.

In an action for personal injuries, the defendant is not entitled to show that her symptoms after the injury "suggested diabetes" and "indicated" that it was caused by her injury.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 65–68; Dec. Dig. § 24.*]

2. EVIDENCE (§ 548*)—OPINION EVIDENCE—EXAMINATION OF EXPERTS.

It was improper, in an examination of medical experts testifying in a personal injury case, to bring out by indirect questioning that they thought it possible that the injured person was suffering from a certain disease.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2365; Dec. Dig. § 548.*]

3. CARRIERS (§ 280*)—CARRIAGE OF PASSENGERS—PERSONAL INJURIES—PRESUMPTION OF NEGLIGENCE.

In an action against a street surface railroad, whose main line of travel lay without the corporate limits of cities of the first and second class, for personal injuries to a passenger, *held* not negligence on the part of the defendant to allow the motorman and conductor to remain on duty for 13 hours, for Labor Law (Consol. Laws 1909, c. 31) § 6, providing that 10 hours' labor shall constitute a day, applies only to street railroads whose line of travel lies principally within the corporate limits of cities of the first and second class, and Penal Law (Consol. Laws 1909, c. 40) § 1271, has no application to this case, as the motorman and conductor had not been on duty for 16 hours.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 280.*]

Appeal from Washington County Court.

Action by Nellie Gleason against the Hudson Valley Railway Company. From a judgment for plaintiff, and an order denying defendant's motion for a new trial, defendant appeals. Reversed and remanded.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

James McPhillips, for appellant.
John Van Valkenburgh, for respondent.

HOUGHTON, J.   The plaintiff was a passenger upon one of the defendant's cars, and claims that she was injured because the car was started before she had an opportunity to alight, after it had stopped to permit her so to do.   The defendant contended that the car was not stopped at all, and that the plaintiff attempted to alight while it was in motion.

We think the very great weight of evidence is with the defendant upon this proposition, and we would reverse the judgment and grant a new trial, on the ground that the verdict was against the weight of evidence, without any opinion, except for certain exceptions which the appellant urges upon our attention.   In view of the new trial which must be had, it is proper that we give them consideration.

[1] Against the objection of the defendant, the plaintiff was permitted to show by her attending physicians that her symptoms following the injury "suggested" diabetes and "indicated" that the disease was caused by her injuries.   Consequences which are merely prospective and speculative are not proper to be considered in estimating damages.   Strohm v. N. Y., L. E. & W. R. R. Co., 96 N. Y. 305; Osterhout v. D., L. & W. R. R. Co., 138 App. Div. 625, 122 N. Y. Supp. 692; Huba v. Schenectady Railway Co., 85 App. Div. 199, 83 N. Y. Supp. 157.   Assuming that under the pleadings it was competent for the plaintiff to prove that she suffered from diabetes, which was caused by the injuries which she received, the possibility of her so suffering was not proper evidence.   [2] The physicians were not directly asked their opinion on the subject, and their answers to the various questions indicate the doubt that existed in their own minds. The rule that the opinion of experts should be confined to probable consequences based upon reasonable certainty is so broad that doubtful and speculative expressions of a physician should not be permitted.   Whatever a physician may say with respect to the possibility of one suffering from a certain disease is likely to be construed by the jury as his deliberate opinion on the subject, when he himself does not feel sure enough to express it.

[3] The learned trial court also charged the jury that it was negligence on the part of the defendant, which might be considered by them, if the motorman and conductor worked over 10 hours on the day that the accident happened.   As matter of fact, they had been on duty about 13 hours.   While it was proper enough for the plaintiff, if she could, on cross-examination, to show that the conductor was tired out or sick and incapacitated, it was not negligence, or

any violation of law, on the part of the defendant, to permit him to work more than 10 hours. Section 6 of the labor law (chapter 31, Consol. Laws 1909) provides that 10 consecutive hours' labor shall constitute a day's labor in the operation of all street surface railroads whose main line of travel or whose roads lie principally within the corporate limits of cities of the first and second class. The defendant's line of travel and route does not lie principally within the corporate limits of cities of the first or second class, although its southern terminus is Troy. Therefore this section of the labor law is not applicable to it, and the permitting of its conductor or motorman to work more than 10 hours was not a violation of law upon which negligence could be predicated. The defendant's conductor had not been on duty 16 hours, and hence there was no violation of section 1271 of the penal law (Consol. Laws 1909, c. 40). It was not proper, therefore, to permit the jury to base any negligence of the defendant upon the fact that its motorman and conductor had been on duty more than 10 hours the day of the accident.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.