1 p. m. on November 11, 1913. The evidence offered by the defendants satisfies us that the 180 watches delivered to them are a part of the watches fraudulently obtained from the Keystone Company. The watches were retaken from defendants by a police officer and were never returned to them. The consideration for the check having failed, the plaintiff is not, under the present record, entitled to recover.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.

---

(86 Misc. Rep. 54)

### ZUCKERMAN v. NEW YORK RYS. CO.

(Supreme Court, Appellate Term, First Department. June 18, 1914.)

1. CARRIERS (§ 356*)—STREET CAR PASSENGERS—TRANSFERS.

   A passenger, demanding a transfer for a route which he subsequently took while there was a system of transfers between the various lines composing the route, could assume that he received a proper transfer.

   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1409, 1410, 1423–1432; Dec. Dig. § 356.*]

2. CARRIERS (§ 356*)—STREET CAR PASSENGERS—EJECTION.

   A street car passenger, offering an invalid transfer and ejected before given a reasonable opportunity to pay his fare, may recover for his ejection.

   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1409, 1410, 1423–1432; Dec. Dig. § 356.*]

Appeal from City Court of New York, Trial Term.

Action by Isaac Zuckerman against the New York Railways Company. From a judgment dismissing the complaint at the close of the case of plaintiff, he appeals. Reversed, and new trial ordered.

Argued June term, 1914, before SEABURY, BIJUR, and PAGE, JJ.

Charles Liebling, of New York City, for appellant.

James L. Quackenbush, of New York City (Henry J. Smith, of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff testified that on June 12, 1912, he boarded a Spring street car, asked the conductor how he could get to a certain address on the East Side, was informed that he should continue on Spring street to Broadway, take the Broadway car north, and then transfer to an Eighth street car east-bound, and that he (the conductor) would give him a transfer. He paid his fare, received the transfer, and rode up Broadway. The Broadway conductor repeated the same information, returned to him the final stub of the transfer; and he boarded an Eighth street car east-bound and surrendered this stub to the conductor. A few moments later the conductor came to him, showing him a transfer stub, telling him: "The transfer isn't good." Plaintiff testified: "I said: 'I didn't give you that transfer.'" At Eighth street and Avenue A an inspector boarded the car. "He said: 'Pay your fare.' I wanted to explain, but the conductor didn't let me

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

explain.  He gave me one yank, and they chucked me off."  He was then thrown off, and sues for his damages.

The motion to dismiss was based on two grounds.  The second—i. e., that no more force was used in ejecting the plaintiff than was necessary—need not be discussed, inasmuch as it is perfectly evident that there was ample evidence in that regard to carry the case to the jury. The present appeal raises only a question of law as to the first ground, which was: "That there is no proof that the transfer offered was a valid transfer."  This ground, in my opinion, is not well founded.

[1] Although no objection was taken on the score that there was not in operation at the time an appropriate system of transfers between these various lines of cars, plaintiff actually introduced evidence to that effect.  Under such circumstances, the plaintiff, having demanded a transfer for the route which he subsequently took, was entitled to assume that he received what he asked and paid for.  Muckle v. Rochester Co., 79 Hun, 32, 29 N. Y. Supp. 732; Eddy v. Syracuse Co., 50 App. Div. 109, 63 N. Y. Supp. 645.  There was, therefore, as I understand the case, ample evidence that plaintiff had received and tendered a valid transfer.

[2] Moreover, in any event, assuming the transfer to have been invalid, plaintiff was not afforded, according to his testimony, a reasonable opportunity to pay his fare, on which ground alone he would be entitled to recover.  See Hayes v. N. Y. C. R. R. Co., 34 Hun, 627, opinion reported in 30 Albany Law Journal, 469; Huba v. Schenectady R. R. Co., 85 App. Div. 199, 83 N. Y. Supp. 157; also 6 Cyc. 552.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.  All concur.