■ BESS FISHMAN et al., Appellants, v. ROBERT H. SANDERS, Respondent.— In a negligence action, commenced by attachment of defendant's property and service of process by publication, and in which a default judgment had been entered in plaintiffs' favor against the defendant in personam, plaintiffs appeal from an order of the Supreme Court, Westchester County, dated October 7, 1963, which granted a motion by the defendant (appearing specially) to vacate said judgment insofar as it was against him personally and declared said judgment to be one in rem and not in personam. Order affirmed, without costs. The statutory requirement of levy under a warrant of attachment serves, even as to an absent resident, to limit satisfaction of the judgment to the attached property, as in the case of a nonresident. Otherwise there would be no reason for the attachment as a prerequisite to an order for service by publication. [For prior appeals, see 13 A D 2d 993 and 18 A D 2d 689.] Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.

■ GAIL D. HOFFMAN, an Infant, by Her Guardian ad Litem DONALD HOFFMAN, et al., Respondents, v. ST. VINCENT'S HOSPITAL, Appellant.— In a negligence action by the infant plaintiff to recover damages for personal injury, and by the infant's father to recover damages for medical expenses and loss of services, the defendant appeals from a judgment of the Supreme Court, Richmond County, entered March 7, 1963 after trial, on the verdict of a jury in favor of the infant plaintiff for $18,000 and in favor of her father for $2,000. Judgment affirmed, with costs. In our opinion, under the circumstances here, it may not be held that the evidence did not justify a finding or conclusion by the jury that the infant was injured as a result of the defendant's negligence (*Santos* v. *Unity Hosp.*, 301 N. Y. 153; cf. *Stein* v. *Palisi*, 308 N. Y. 293, 297); nor may it be held that the sums awarded were excessive (*Carballal* v. *Pilgrim Laundry*, 254 App. Div. 773, affd. 279 N. Y. 653; cf. *Clegg* v. *Metropolitan St. Ry. Co.*, 1 App. Div. 207, affd. 159 N. Y. 550). Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ In the Matter of JOSEPH E. BOLAND, JR., Appellant, v. WILLIAM S. HULTS, as Commissioner of Motor Vehicles of the State of New York, Respondent.— In a proceeding under article 78 of the former Civil Practice Act, to annul a determination of the respondent Commissioner of Motor Vehicles revoking petitioner's motor vehicle operator's license, the petitioner appeals from an order of the Supreme Court, Westchester County, dated July 3, 1963, which denied the application and dismissed the petition. Order affirmed, without costs. On July 20, 1960 petitioner, then 17 years of age, was convicted of a speeding violation committed on July 10, 1960. On November 20, 1960 his junior operator's license was revoked for persistent traffic violations including the one of July 10, 1960 (cf. Vehicle and Traffic Law, § 510, subd. 3, par. [d]). In November, 1961 a new license was issued to petitioner, who thereafter committed two additional speeding violations, one on December 11, 1961 and the other on December 19, 1961. He was convicted of both offenses. Because he was thus convicted of a third speeding violation "committed within a period of eighteen months" (Vehicle and Traffic Law, § 510, subd. 2, par. [d]), petitioner's operator's license was revoked on March 29, 1963. It is this revocation which petitioner seeks to review. In our opinion respondent properly considered the violation committed on July 10, 1960 as one of the three violations for speeding committed within a period of 18 months, even though said July 10, 1960 violation was the basis, in part, for the previous revocation. Consequently, revocation was mandatory (see Vehicle and Traffic Law, § 510, subd. 2). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.