KAVANAGH v. NEW YORK TRANSP. CO.

(Supreme Court, Appellate Term.   October 27, 1905.)

EVIDENCE—EXAMINATION OF MEDICAL EXPERT—FORM OF QUESTION.
　　In an action for injuries, a question to a medical witness as to whether, if a man had had rheumatism and received an injury to a particular portion of his body, it would "be likely" to localize the rheumatism in that portion, was improper.

Appeal from City Court of New York.

Action by Thomas Kavanagh against the New York Transportation Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Ralph G. Miller, for appellant.
Frank A. Acer (J. C. Toole, of counsel), for respondent.

SCOTT, P. J. The plaintiff, a cab driver, was injured through a collision between his cab and an automobile owned by defendant, under circumstances which, as is charged and as the jury found, pointed to the negligence of defendant's servant as the cause of the collision. The appellant points to what it alleges to have been error on the part of the trial court in allowing certain questions to be put to a medical witness called by the plaintiff. The immediate injuries which plaintiff received were not very serious, but after the accident he appears to have suffered a good deal from rheumatism, and much of the treatment which he received from his doctor was directed to curing or alleviating his rheumatism, or, as the doctor said, "the treatment might be considered rheumatic." It appeared, also, that some 12 years before the accident the plaintiff had had rheumatism, and had suffered from it off and on thereafter. It was apparently the desire of plaintiff to make it appear to the jury that the rheumatism from which he suffered after the accident resulted from the injuries he received in consequence of the accident, and he was permitted, over the objection and exception of the defendant, to put the following questions to the doctor:

"As a matter of fact, if a man had had rheumatism before and received an injury to a particular portion of his body, would it not be likely to localize his trouble in that particular portion of his body?

"Assuming that Kavanagh had had some years before, as the proof shows, rheumatism, and he received this injury to his side, would the fact that he had had rheumatism before be likely to localize the trouble in that region?"

It scarcely needs more than the mere statement of the questions to demonstrate their impropriety. The defendant was not responsible for consequences which would be "likely" to flow from its servant's negligence, but from those which did flow from it. It would have been proper enough for the doctor to have testified, if he could have done so, that in his opinion the rheumatism for which he treated plaintiff resulted from the injuries received in the accident. But he did not express such opinion, and was not asked to. Testimony as to what was likely to result from a given state of facts, without any proof at all that it did so result, was incompetent and calculated to mislead the jury, and the amount of the verdict suggests that they may have been misled in this case.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.