## TUTT v. CITY OF RENSSELAER.

(Supreme Court, Appellate Division, Third Department. May 6, 1908.)

1. EVIDENCE—EXPERTS—INJURIES TO PERSON.

    In an action for injuries, it was error to permit plaintiff's physician to testify that the injury was "likely" to cause pain and trouble for some time after the accident.

2. APPEAL—HARMLESS ERROR—EVIDENCE.

    The error was harmless where it was inevitable that such consequence would ensue from such an injury.

3. EVIDENCE—EXPERTS—INJURIES TO ANIMAL.

    In an action for injuries to a horse, it was error to permit a veterinary surgeon who had testified to the injuries to testify that they could be permanent.

4. APPEAL—HARMLESS ERROR—EVIDENCE.

    The error was harmless; the same witness having thereafter testified to a subsequent examination of the horse, and testified without objection that its injuries were permanent.

    Kellogg, J., dissenting.

Appeal from Trial Term, Albany County.

Action by Robert Tutt against the city of Rensselaer. Appeal by defendant from a judgment for plaintiff, and from an order denying a new trial. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Ernest Boothby (Peter A. Delaney, of counsel), for appellant.
Charles Irving Oliver, for respondent.

SMITH, P. J. Upon the night of September 13, 1904, while driving along the westerly side of Third street, a public highway in the city of Rensselaer, the plaintiff's horse ran upon an obstruction in said street, plunged and fell, and the plaintiff and his companion were thrown from the carriage. This action is brought to recover damages for the injuries sustained both by the plaintiff and his horse.

It is contended by the defendant that the verdict for the plaintiff should be set aside as against the weight of evidence. It appears that a couple of loads of sand were placed upon this highway upon the afternoon of the 22d. The accident occurred between 8 and 11 o'clock upon the night of the 23d, and there was no warning of the obstruction given. There is evidence, however, from which the jury was authorized to infer that there were piles of dirt and sand which had been there for several weeks, to which the sand delivered upon the afternoon of the 22d was only an addition. We have examined the evidence, and agree with the trial judge that there was sufficient evidence to sustain the finding of the jury upon this question. The de-

fendant does not seriously claim that there is any proof of contributory negligence on the part of the plaintiff. We find no reason, therefore, to disturb the judgment entered, unless it be in some rulings of the trial judge upon the admission of evidence.

There are two rulings which are here questioned. The plaintiff had been sworn as to his injuries, and thereafter his physician was called and asked the following question:

"Q. A man of Mr. Tutt's size and age at that time, a shock sustained by being thrown from a carriage and the infliction of such bruises as he had at that time—will you state whether or not that injury is likely to cause him pain and trouble for some time after the accident?"

This was objected to, and the objection was overruled, and an exception was taken. The answer was, "Yes, sir." This ruling would seem to be technically erroneous under the case of Higgins v. United Traction, 96 App. Div. 69, 89 N. Y. Supp. 76.

See, also, Kavanagh v. New York Transportation (App. Term) 95 N. Y. Supp. 567.

This error, however, was apparently harmless. That such an injury would cause "pain and trouble for some time after the accident" is inevitable and it has harmed nothing to allow the physician to state that it would be likely to do so.

The second error complained of is to the ruling of the court upon the admission of evidence given by the witness Hecker. He was a veterinary surgeon, and he had sworn to the injuries which the horse sustained, and was asked this question: "Is such an injury as that likely to be permanent?" This question was objected to, the objection was overruled, and an exception taken. His answer was: "Yes; it could be permanent." Defendant's counsel moved to strike out the answer, which motion was denied and an exception taken. The ruling I think was erroneous, but shortly thereafter the same witness swore to a subsequent examination of this same horse, and swore without objection that its injuries were permanent. In view of this evidence subsequently given, it is apparent that the evidence erroneously received could not have harmed the defendant, and should be disregarded upon this appeal.

No other objections are urged upon us which call for reversal, and I recommend that the judgment and order be affirmed, with costs.

Judgment and order affirmed, with costs. All concur, except JOHN M. KELLOGG, J., who dissents.